## Case No. 3,840.

### DE VISSER v. BLACKSTONE et al.

[6 Blatchf. 235.][1]

Circuit Court, S. D. New York. Nov. 9, 1868.

RECEIVER'S POSSESSION AND TITLE TO LANDS — INTERFERENCE BY STATE COURT — CONTEMPT — RECEIVER'S SALE—RELEASE OF LIENS.

1. When a receiver, appointed by this court, is vested with the title to, and possession of, real estate, as such receiver, his possession is the possession of this court, and any attempt to disturb such possession by proceedings subsequently instituted in a state court, or otherwise, without first obtaining the leave of this court, is a contempt of this court.

2. Where a receiver appointed by this court brought a suit in equity, in this court, against persons who claimed to have pre-existing liens on real estate, of which such receiver was in possession by virtue of his trust, to have the rights of such defendants, in respect of such liens, determined by this court, and, if adjudicated in their favor, paid out of the proceeds of the sale of such real estate by the receiver, this court made an interlocutory order requiring the defendants to release their liens, and setting apart, to be paid into this court, out of the proceeds of the sale to be made of such real estate by the receiver, a sufficient sum to discharge such liens, with the costs of the suit, and ten per cent. in addition, to be held as a fund applicable to the payment of such liens, if they should be established by the decree of this court to be prior in right to the claims of the plaintiff.

In equity. The plaintiff [Simon De Visser] was appointed, by a decree made by this court on the 19th of June, 1868, in a suit in equity, brought by James Drake and others against Francis Goodridge, as survivor, &c., and others, receiver of certain real estate, the title to which was conveyed to him, under said decree, on the 26th of June, 1868. The defendants [Wyllys Blackstone and others] in this suit were four several parties who claimed to have separate mechanics'

liens on said real estate, which attached prior to the accruing of the plaintiff's title as receiver. Subsequently to the accruing of the receiver's title, one of those four parties instituted legal proceedings in the court of common pleas for the city and county of New York, to enforce and foreclose his lien. The bill prayed that the plaintiff's title might be decreed to be prior in point of time, and superior in right and equity to the liens claimed by the defendants; that the defendants might release their liens to the plaintiff; and that an interlocutory order might be made directing the execution of such releases within some short day, to the end that the plaintiff might proceed, as receiver, to sell the real estate, and bring the proceeds into this court, and have leave to withdraw all of the same for the purposes of his trust, except so much thereof as should be necessary to protect the defendants until the final decision in this cause. The plaintiff now moved for the granting of such interlocutory order.

Edwin W. Stoughton, for plaintiff.

Cornelius J. De Witt, Moses B. Maclay, and William T. Graff, for defendants.

BLATCHFORD, District Judge. The plaintiff, having been appointed receiver by this court, and having become fully vested with the title to, and possession of, the real estate in question, on the 26th of June, 1868, his possession is the possession of this court, and any attempt to disturb such possession by proceedings, on the part of the defendants in this suit, in the court of common pleas of the city and county of New York or otherwise, without first obtaining the leave of this court, is a contempt of this court. By the final decree made in the cause in which the receiver was appointed, he is directed to sell the real estate and bring the proceeds into this court. The defendants commenced the proceedings to enforce their mechanics' liens in September, 1868. They claim that their liens attached in November and December, 1867, and are superior to the rights of the plaintiffs in the suit in which the receiver was appointed. Those plaintiffs and the receiver dispute this claim. Still, whatever rights the defendants have, as against the rights and possession of the receiver, their claims are, at most, pre-existing liens on the real estate. They are now brought into this court by this suit, which is instituted in behalf of the plaintiffs in the suit in which the receiver was appointed, and in aid of that suit. The object of this suit is, in substance, to have the rights of the defendants, in respect of the liens set up by them, determined by this court, and, if adjudicated in their favor, paid out of the proceeds of the sale of the real estate by the receiver, thus substituting, so far as those liens are concerned, the fund in court realized from the sale of the real estate, in place of the real estate itself. This court, sitting in equity, having the parties

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

before it and the fund in its hands, will administer the fund according to the rights of the parties, and will give to the defendants all the rights against the fund which they could, under any circumstances, have against the real estate. These doctrines are fully laid down in the opinion of the supreme court, delivered by Mr. Justice Nelson, in the case of Wiswall v. Sampson, 14 How. [55 U. S.] 52. The plaintiff is entitled to such relief as will enable him to sell the real estate free from the liens claimed by the defendants, and to have so much of the proceeds as shall be sufficient to pay the defendants' claims, if established, set apart to represent the real estate. An order will be entered, providing that the defendants bring into this court, and file with the clerk thereof prior to a day to be named, a sworn statement of the amount of their respective alleged liens upon the said real estate; that, at the time of filing such statement, they respectively deliver to such clerk releases executed by them, in the form to be annexed to such order, releasing all liens which they have or claim on said real estate; that the plaintiff then proceed to sell said real estate, according to the terms of his trust as receiver; that the purchasers thereof pay to the clerk of this court, out of the purchase money thereof, such sum as shall cover the amount of said alleged liens in the aggregate, with the costs of this suit, with the addition of ten per cent. thereto, to abide the event of this suit, and to be held as a fund applicable to the payment of said alleged liens, and to be so applied in case this court shall decree that the same ought to be so applied; that the rights of the defendants to said fund shall be and remain the same as they now are or would be to said real estate if such sale were not made, and if proceedings to enforce and foreclose such alleged liens were taken and prosecuted according to the statutes of the state of New York; that, on receiving such amount of such purchase money, the said clerk complete the releases, by inserting therein, as the releasees, the names of the purchasers of the premises, and deliver the releases, so completed, to such purchasers; and that he then deposit the sum of money so received by him with the United States Trust Company, on interest, to abide the further order of this court.