THE STATE EX REL. BANNER LOAN COMPANY, BERTHA E. FORD, FORD W. THOMPSON, LAURENCE D. HONIG and RANDOLPH LAUGHLIN v. FRANK LANDWEHR, Judge of Division 14 of Circuit Court of City of St. Louis.—27 S. W. (2d) 25.

Division Two, April 7, 1930.

*Randolph Laughlin* for relators.

*Earl M. Pirkey* for respondent.

DAVIS, C.—Relators filed in this court their petition for a writ of mandamus to compel the respondent, a judge of the Circuit Court of the City of St. Louis, to hear and determine a certain suit in equity filed in said court and assigned to the division over which he presided. An alternative writ issued and respondent filed his return. The relators filed a reply and motion for judgment.

This is a companion case to State ex rel. Bertha E. Ford et al. v. Hogan, *ante,* page 1130, No. 29,851, currently decided. The facts are similar.

The pleadings develop that, in 1926, Bertha E. Ford was granted a divorce from Louis E. Ford. On December 12, 1928, arrearages in alimony had accumulated in the sum of $600. On that day an affidavit for execution was filed. On March 14, 1929, a sale under execution was had and certain shares of stock belonging to Louis E. Ford were sold to Bertha E. Ford and her attorneys, Laughlin and Honig. On the first day of the April term, 1929, the sheriff filed his report of the execution sale. On April 16, 1929, an unverified motion to set aside said execution sale was filed. On May 17, 1929, relators filed suit in the circuit court, alleging that they were purchasers and owners of the stock and prayed for the appointment of a receiver. Relators aver that Louis E. Ford filed a motion in the suit between him and Bertha E. Ford to set aside the execution sale to defeat and defraud them. A verified motion to set aside the execution sale was filed on May 25, 1929, by Louis E. Ford.

In view of the jurisdiction of Division 15 of the Circuit Court of the City of St. Louis, presided over by Judge Hogan, to determine the motion to set aside the execution sale, and concurrently the ownership of stock in said company (State ex rel. v. Hogan, *ante* page 1130, currently decided), the question for determination is the right of respondent to take jurisdiction to appoint a receiver for the Banner Loan Company.

I. The pleadings show that Bertha E. Ford and Laughlin, her attorney, at the execution sale purchased jointly the shares of stock sold. The shares of stock thereafter were apportioned to Bertha E. Ford, Laughlin and Honig. Later Laughlin, it is alleged, transferred fifty shares to one Laumeier, and Laumeier transferred said fifty shares to relator Thompson.

Relators' position is that, as Thompson, Honig, Laughlin and the Banner Loan Company were not parties to the suit of Ford v. Ford in Division 15 of the St. Louis City Circuit Court, the aforesaid persons could not be affected by Judge Hogan's decision on the motion in said case to set aside the execution sale.

The Banner Loan Company, a corporation, issued the stock owned by Louis E. Ford. Thereafter Bertha E. Ford and Laughlin purchased said shares of stock at the execution sale. We are unable to see how the Banner Loan Company, except incidentally, could be affected by a decision of Judge Hogan on the motion to set aside the execution sale. The said motion could not affect any right the Banner Loan Company had, for it was not directly interested in the result of the motion to set aside the execution sale. Its only possible interest, if that may be called an interest, was its concern as to the legal owners of its stock. The litigation before Judge Hogan merely involved the right to and the ownership of stock in said corporation. The Banner Loan Company was neither a necessary nor a proper party to said litigation.

Generally, on motion to set aside an execution sale, notice must be given to all the parties interested, those who have an interest in the sale and those who will be prejudiced by setting it aside. Consequently, generally speaking, Bertha E. Ford, Laughlin, Honig and Thompson were entitled to notice of the filing of the motion. However, notice is waived by appearance or by failure to object at the proper time. And a party who appears and resists the motion cannot complain that notice was not given to other parties. [23 C. J. 684, pars. 677, 678.] The pleadings show that Laughlin appeared as an *amicus curiae* to the motion and resisted it, and furthermore that Bertha E. Ford appeared by her attorney, Honig, and filed an affidavit for a change of venue as to said motion.

Consequently Bertha E. Ford, Laughlin and Honig will be held to have entered their appearance to said motion and to have waived notice.

Neither Laumeier nor Thompson, we think, were entitled to notice, in the absence of notice to or knowledge on the part of Louis E. Ford that they were transferees of the stock purchased by Laughlin. Neither the relators nor Laumeier notified Louis E. Ford that the stock had been transferred or assigned, for, if that had been done, relators would have alleged such notification. There is no allegation in the pleadings that the books of the corporation were accessible to Louis E. Ford, or that they showed a transfer of the stock. How was said Ford to know of the transfer of said stock or to whom it was transferred without notice to him? Under the facts in this case, it would be a denial of justice to hold that an unknown transferee of corporate stock was entitled to be notified of the filing of the motion. Hays v. Cassell, 70 Ill. 669, supports our conclusions.

II. Relators' second contention reads: "Not being parties to the motion in Ford v. Ford, and the moving party refusing to make them parties, to give them their day in court thereon, and to accord them all the rights of litigants, including the right to take a change of venue because of the undue influence of the opposite party, or the bias or prejudice of the judge, the purchasers of stock at the execution sale had the clear right to invoke the jurisdiction of the equity division of the Circuit Court of the City of St. Louis by reason of their interest in the subject of the action, and in obtaining the relief demanded."

It is clear, however, that Division 15 of the Circuit Court of the City of St. Louis, then presided over by Judge Hogan, had jurisdiction of the motion to set aside the execution sale (City of Aurora ex rel. v. Lindsay, 146 Mo. 509, 48 S. W. 642), and that that was a plenary action to determine the ownership of the stock in litigation. As the motion to set aside the execution sale was filed at the return term, it was filed in time to invest Division 15 of said circuit court with jurisdiction of the subject-matter. [Norman v. Eastburn, 230 Mo. 168, 130 S. W. 276; State ex rel. v. Wessell, 237 Mo. 593, 141 S. W. 883.] As we have held, relators either entered their appearance or were not entitled to notice. This gave the court jurisdiction of the parties. Consequently a court, which has jurisdiction of the subject-matter and the parties, in which a judgment was rendered and to which an execution was returnable, has exclusive control over its own process to determine the validity of the execution sale and the ownership of the stock sold thereat. [Flinn v. Richardson, 15 S. W. (2d) 914.] Everyone taking title under the process of the court must be understood as taking subject to the power of the

court to set aside the proceeding for cause shown. [Ray v. Stobbs, 28 Mo. 35.] The court first obtaining jurisdiction of the subject-matter holds it to the exclusion of courts of concurrent jurisdiction. [State ex rel. v. Reynolds, 209 Mo. 161, 107 S. W. 487; Beekman Lumber Co. v. Harvester Co., 215 Mo. 221, 114 S. W. 1087.]

III. Relators finally complain that unless respondent exercises his jurisdiction promptly, the rights of the relators' are in immediate and continuous peril and may be entirely destroyed. Although the pleadings state conclusions that intimate the preceding results may occur, they state no fact to that effect. There may be instances in which a trial court would be justified, during the pendency of a motion to set aside an execution sale, where the ownership of shares of stock are in litigation, in appointing a receiver for the corporation issuing the shares of stock, but we need not discuss the matter further than to say that the motion to set aside the execution sale in the present instance affords all parties a plenary hearing.

It follows that Division 15 of the Circuit Court of the City of St. Louis, first having obtained jurisdiction, has exclusive jurisdiction of the subject-matter and the power and right to determine the ownership of the stock sold under execution. Our alternative writ is therefore quashed and the proceeding dismissed. *Henwood* and *Cooley*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.