# DUPRÉ v. FALL AND HANSON.

F. and H. made and delivered to S. a joint and several promissory note for $4500; afterwards, and before the maturity of this note, S. gave his note for $1000, with large interest, to C., and endorsed and delivered, as collateral security, the note of F. and H., for $4500. C. subsequently assigned S.'s note of $1000 to F., and delivered the note of F. and H. as collateral security, or as he held it. After this, S. sold and assigned the note of F. and H., ($4500,) then in the possession of F., to D., the plaintiff; D. subsequently demanded of F. the $4500 note, offering to credit the same with the amount of the $1000 note and interest; F. declined to deliver the note, and D brought suit to recover the amount of F. and H., less the $1000 note and interest: *Held,* that the suit was properly brought, and that D. is entitled to recover on the note against F. and H., less the amount of the $1000 note and interest.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was an action to recover of the defendants the amount of a joint and several promissory note, given under the hands and seals of the defendants. On the trial, the defendants moved to dismiss the complaint of the plaintiff, on the ground that it did not state facts sufficient to constitute a cause of action against the defendants. The Court sustained the motion and dismissed the action, from which judgment of dismissal the plaintiff appealed to this Court. A synopsis of the facts of the complaint appears in the opinion of the Court.

*E. D. Wheeler* for Appellant.

*Reardan, Mitchell, and Smith* for Respondents.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The Court below erred in dismissing this suit. The reason seems to have been that the complaint does not state facts sufficient to constitute a cause of action. The facts, in short, are, that respondents made a joint and several note or bond for $4500, to John A. Sutter; afterwards, Sutter gave his note for $1000, with large interest, to one Condy, giving Condy this note to respondents in pledge to secure the payment. Condy assigns his note on Sutter, and the pledged note of Fall and Hanson, to Fall, to hold as he held. Sutter assigns to Dupré, the plaintiff, the note of Fall and Hanson, in the possession of Fall, and Dupré demands payment, offering to credit the amount of the Condy note on Fall's note, which is refused. We think, under these facts, Dupré's right to recover this balance is clear. Equity will not require the mere empty formality of one man's paying another money when this same money would be due immediately to the

payor on another contract of the same character then presently due.   The note or bond of Fall and Hanson was joint and several in terms, and Dupre had a right to hold Fall bound to him severally as his debtor, and Fall could have asked nothing more than that his security should be turned into money in his hands, which would be an effectual protection to him against his liability.

The judgment is reversed, and cause remanded.

[Field, J., having been counsel in the Court below, did not sit in the case.]