MICHAEL JORDAN *et al.*, Respondents, v. HARRISON & PLATT, also Respondents; MATHIAS ACKERMAN, Appellant.

Kansas City Court of Appeals, June 8, 1891.

1. **Collateral Securities :** ASSIGNMENT OF EQUITY OF REDEMPTION : PURCHASE : INTENTION : EVIDENCE. A pledgor may sell his equity of redemption subject to the lien of the pledgee, and if the transaction shows an intention on the part of the pledgor to make a present and irrevocable transfer of his equity, and assent so to receive it can be inferred on the other side, the transfer will operate in equity as an assignment, if supported by a sufficient consideration; but, if there is anything from which a different intention ought to be inferred, the transaction will not be allowed to have the effect of a transfer. An examination of the facts in this case shows an intention to transfer the note itself in question, and not an equity of redemption therein,

2. **Mistake :** INTEREST PAID TO HOLDER OF FORGED NOTE RECOVERABLE : COLLATERAL SECURITY : COSTS. Plaintiff assumed the payment of a note. The holder pledged the note as collateral to H. & P., and afterwards forged a copy thereof and sold it, with the deed of trust securing it, to A., to whom plaintiff paid interest,

thinking it the genuine note. On plaintiff's bill of interpleader against H. & P. and A., with other pleadings properly presenting the issues, the trial court properly found, and *held*:—

(1) Plaintiff had paid A. the interest under mutual mistake, by which he was entitled to recover it back.

(2) H. & P. were the owners of the note and deed of trust and A. had no interest therein.

(3) That A. pay the costs.

*Appeal from the Jackson Circuit Court.*—Hon. R. H. Field, Judge.

Affirmed.

*Charles W. Clarke* and *Lathrop, Morrow & Fox*, for appellant.

( 1 ) The court should have ascertained the balance due Harrison & Platt on their $525 Kirk note ; and allowed Ackerman to redeem the Kennedy note upon the payment of the amount so found due. *Ins. Co. v. Tunstall*, 72 Ala. 142; *Johnson Co. v. Bryson*, 27 Mo. App. 349; *Williams v. Ingersoll*, 89 N. Y. 508; *Hutchins v. Simon*, 57 Miss. 628 ; *Newby v. Hill*, 2 Metc. ( Ky.) 530 ; *Van Blarcom v. Bank*, 37 N. Y. 540; *Railroad v. Iron Co.*, 50 N. H. 57. ( 2 ) The Kennedy note was deposited by Kirk with Harrison & Platt as collateral security for his note, and afterwards he sold his interest in said note to Ackerman. The court should have allowed Ackerman to redeem said note upon the payment to Harrison & Platt of the amount Kirk owed them on the loan, for which the said Kennedy note was pledged. Jones on Pledges, sec. 553; *Wilson v. Brumrite*, 21 Mo. 325 ; *Bender v. Markle*, 37 Mo. App. 234 ; *O'Neill v. Capelle*, 62 Mo. 202 ; *Quick v. Turner*, 26 Mo. App. 36 ; *Bassett v. Glover*, 31 Mo. App. 150 ; *Wood v. Matthews*, 73 Mo. 477 ; *Zempleman v. Vieder*, 98 Ill. 613 ; *Hughes v. Johnson*, 38 Ark. 285; *Dorrill v. Eaton*, 35 Mich. 302 ; 2 Story, Eq. Jur., sec. 1008; 5 Wait's

Act. & Def., p. 177.   ( 3 ) The answer of the defendant Ackerman states a clear case for equitable relief, and the court, having taken jurisdiction of the subject, should have done complete justice.   2 Story, Eq. Jur. 806 ; Wait's Pr. 168 ; *Machine Co. v. Gifford*, 66 Barb. 599; R. S., sec. 2099 ; 2 Story, Eq. Jur., sec. 1526 ; *Hilton v. City of St. Louis*, 99 Mo. 207.   ( 4 ) The court erred in rendering judgment against defendant Ackerman for the interest paid by plaintiffs, and for interest on the interest, and for the costs.   R. S., sec. 5972.

*Teasdale, Ingraham & Cowherd*, for Harrison & Platt.

( 1 ) Even if Kirk had a vendible interest in the collateral notes, yet the transaction between Kirk and Ackerman does not amount to an equitable assignment of that interest, for the reason that the record shows no intention whatever on his part to assign that interest, neither does the record show any intention whatever on the part of Ackerman to take that special interest.   The intention of the parties must govern. There must have been an intention to transfer not only the remaining interest, but also to transfer Kirk's right to repudiate his contract with Harrison & Platt.   If this was not the contract between the parties, the court will not make one for them, and call it an equitable assignment.   *Kimball v. Donald*, 20 Mo. 578 ; *Bank v. Bogy*, 44 Mo. 13 ; *Ford v. Angelrodt*, 37 Mo. 50 ; *Bank v. Bogy*, 9 Mo. App. 335 ; *Christmas v. Russell*, 14 Wall. 84.   ( 2 ) Even if Kirk had a vendible interest in the collateral notes, and the transaction between him and Mr. Ackerman amounted to an equitable assignment of that interest, yet Ackerman, not having given Harrison & Platt notice of it, must take such assignment subject to all the equities which Harrison & Platt have acquired while dealing with Kirk, and relying upon his ownership of the notes or upon his presumed

waiver of the right of strict foreclosure. *Brasher v. West*, 1 Pet. 616; *Ins. Co. v. Tunstall*, 72 Ala. 149; 2 Story, Eq. Jur. [Redfield's Ed.] sec. 1034, p. 210. This proposition rests upon the maxim that, "He who asks equity must do equity." (3) Appellant's fourth proposition is not well taken. The pleadings as a whole warrant the decree. Money paid by mistake under the circumstances shown by the record can be recovered in equity. Bishop, Pr. Eq. [3 Ed.] sec. 141; Story, Eq. Jur. [12 Ed.] sec. 138. The institution of the suit is sufficient demand under the statute to entitle the plaintiff to recover interest. *Burns v. Bagnal*, 20 Mo. App. 543. Counsel for Ackerman expressly asked at the outset of the case that the costs of the case should be adjudged against the losing party. Kirk could not assign his mere right to question the validity of the contract with Harrison & Platt. *Prosser v. Edmonds*, 1 Younge & Coll. 481; Story's Eq. Juris. [Redfield's Ed.] sec. 1040a.

SMITH, P. J.—The facts disclosed by the record in the case are, that Kirk borrowed of Harrison & Platt $500, and deposited with them certain collateral securities, among others a note for $700 of Kennedy's, which was secured by a deed of trust on certain real property, but which deed was not delivered to Harrison & Platt at the time the collateral was left with them. Afterwards and before the maturity of the Kennedy note, Kirk forged a duplicate copy of it, which he sold and indorsed to Ackerman as the genuine note for its face value, turning over the deed of trust to him at the same time. Kennedy, who was Kirk's grantee, sold the real property to plaintiffs, subject to the Kirk deed of trust. After the plaintiffs' purchase, Kirk informed them that Ackerman was the holder of the Kennedy note, and so they made payments of interest to him amounting to about $84. Harrison & Platt collected on the collaterals in their hands about $300, which they claimed was subject to be diminished by certain

expenses, such as attorney's fees, commissions, etc. Harrison & Platt caused a sale of the property to be made under the Kennedy deed of trust, and plaintiffs, on learning this fact, brought their suit in equity to have, *first*, the sale set aside ; *second*, to require Harrison & Platt and Ackerman to interplead, and assert their claims, respectively, to the note secured by the deed of trust, and, *third*, that they be permitted to pay into court the amount due on the Kennedy note for the benefit of the defendant who should be adjudged entitled to it. Harrison & Platt in their answer consented that the sale of the property under the deed of trust be set aside, and alleged themselves to be the owners of the genuine Kennedy note. Ackerman in his answer claimed to be the owner of the genuine Kennedy note, and alleged that Harrison & Platt held the forged one. The prayer of his answer was, that if the court found that the note he held was the false one, and that held by Harrison & Platt, the true one, then it would allow him to redeem from Harrison & Platt upon payment to them of whatever sum should be found to be due on the note of Kirk to them. The court found and decreed, amongst other things, *first*, that plaintiffs had paid Ackerman $84 under mutual mistake by which they were entitled to recover back the same ; *second*, that Harrison & Platt were the owners of the Kennedy note and deed of trust, and that Ackerman had no right, title or interest therein ; *third*, that plaintiffs have sixty days to pay Harrison & Platt the amount of the Kennedy note and interest, etc.; *fourth*, that Ackerman pay the costs of the suit.

Ackerman, after an unsuccessful motion to set aside the findings and decree of the court, prosecuted his appeal here.

I.  The defendant Ackerman claims that by operation of assignment he became the owner of Kirk's equity of redemption in the Kennedy note, which was held as collateral security by Harrison & Platt under a

previous agreement made by them with Kirk. This claim is controverted by Harrison & Platt. It becomes, therefore, material to consider the issue thus sharply presented. A pledgor may sell his equity of redemption subject to the lien of the pledgee. Randolph on Com. Paper, sec. 803 ; *Dupre v. Fall*, 10 Cal. 430 ; *Nelson v. Edwards*, 40 Barb. 279. The rule in respect to assignments seems to be that, if the transaction shows an intention on the one side to make a present and irrevocable transfer of the subject-matter thereof, and from which an assent to receive it may be inferred on the other side, this will operate in equity as an assignment, if supported by sufficient consideration. This construction, it is said, would generally execute the real intention of the parties, and is adopted for that reason, and, if there is anything from which a different intention ought to be inferred, the transaction will not be allowed to have the effect of a transfer. *Kimball v. Donald*, 20 Mo. 578 ; *Ford v. Arnholt*, 37 Mo. 50 ; *Frank v. Bogy*, 44 Mo. 13. Now, applying the principle of this rule to the transaction between Kirk and Ackerman, can we say there was an assignment by the former of his equity of redemption in the Kennedy note to the latter ? Was it in their contemplation that this transaction, in respect to the forged note, should vest the equity of redemption in the genuine note in Ackerman ? The question here is largely one of intention. Such intention must be mutual and concurrent; for otherwise there would not be that meeting of minds which is essential to the making of the assignment. *Dietz v. Faush*, 53 How. Pr. 217 ; 1 Parsons on Cont. 6 ; 4 Kent, Com. 449 ; *Sturgis v. Croenshield*, 4 Wheaton, 122.

Undoubtedly the inference deducible from the undisputed facts is, that Ackerman intended to purchase the genuine note. Every fact and circumstance of the case clearly negatives the inference that his intention was to acquire by his purchase only the bare

equity of redemption in the genuine note which Harrison & Platt held as collateral security. It is safe to say that if he had known that the note which he supposed he was buying was spurious, and that the genuine one had already been pledged to Harrison & Platt, that he would have declined to make the purchase. He did not intend by the transaction to acquire so uncertain and precarious an interest even in the genuine note. His manifest intention was to acquire the absolute title to the true note. To contend that he intended to purchase the equity of redemption in the note, it seems to us, is unreasonable and wholly improbable. And, as to Kirk, this was still further from his intention. It, in effect, is conceded that he, with the intention to cheat and defraud Ackerman, designedly, by a false writing and pretense, obtained from him his money. This intention occupied the mind of Kirk to the exclusion of an intention to transfer to Ackerman his equity of redemption in the genuine note. It is plain that neither party, at the time of the transaction, intended that it should relate to or affect the bare equity of redemption in the note described in the deed of trust. The intention of the parties was entirely different and dissimilar. The equity of redemption in the note was not a point upon which their intentions converged. No court would be justified in inferring from the transactions a unity of intention to sell and purchase the equity of redemption in the note. This intention was wholly foreign to the minds of each of the contracting parties. The inference of the intention of the parties can furnish no base for another inference. An inference from one or more inferences is not allowed. It is true that after Ackerman discovered the note he held was a forgery, and that the genuine one was held by Harrison & Platt, that he then, for the first time, interpreted the transaction between Kirk and himself to vest only the equity of redemption in the genuine note in himself. But no such an interpretation appears ever to have been placed on the

Jordan v. Harrison & Platt.

transaction by Kirk. His whole subsequent conduct was entirely consistent with the fraudulent and deceitful intention he manifested in the first instance. We can discover nothing in the transaction between Kirk and Ackerman from which we can infer that it was their intention to merely assign the equity of redemption in the Kennedy note. There being no assignment to Ackerman of the equity of redemption in the note, he can have no *locus standi in judicio* in a court of equity. He certainly has a right of action against Kirk for the criminal fraud perpetrated upon him, but we do not think that he can obtain relief in a court of equity upon the theory contended for by him.

II. No error is perceived in the action of the court in adjudging that the plaintiffs recover of the defendant Ackerman the amount of the interest which they paid under the mistaken notion that he was the holder of the true note. The court having taken jurisdiction of the subject-matter of the controversy between them, it was proper for it to make a complete disposition of the case, adjusting all the equities arising therein. *Butler v. Lawson*, 72 Mo. 242. The abstract of the record does not inform us as to the date of the filing of the replication of the plaintiff, which must be taken as the date of the demand of the plaintiffs for the repayment of the sums of interest paid on the forged note to Ackerman. We must presume, in the absence of such showing, that the amount of the allowance thereon was correct.

Nor do we discover any grounds for revising the action of the court in respect to adjudging the costs. There are many questions discussed in the briefs of counsel, which, in the view of the case we have taken, it becomes unnecessary to notice. The decree must be affirmed. All concur.