AUGUST OTHENIN, Respondent, v. KATE BROWN *et al.*,
Defendants; HEADLEY GROCER COMPANY,
Appellant.

St. Louis Court of Appeals, April 21, 1896.

1. **Mechanics' Liens:** EXCESS IN QUANTITY OF PROPERTY CHARGED.
   *Held*, in the course of discussion, that mere excess in the quantity of
   the property sought to be charged with a mechanics' lien does not
   vitiate the lien account, and that the lien is in such a case enforcible
   against the property properly charged, provided that such property
   can be segregated from the excess.

2. ———: PARTY ENTITLED TO APPEAL.   Only a party aggrieved by a
   judgment has the right to appeal therefrom.   Accordingly, when a
   mechanics' lien is adjudged against several lots and is invalid as to
   one of them, a defendant is not entitled to complain of such invalid-
   ity on appeal if it does not appear that he has some interest in that
   lot.

*Appeal from the Lawrence Circuit Court.*—HON. J. C.
LAMSON, Judge.

AFFIRMED.

*Jos. French* and *Edward J. White* for appellant.

*Cloud & Davies* for respondent.

ROMBAUER, P. J.—The plaintiff sold and delivered
to the defendant owners a bill of lumber for the erection
of a house.   The bill remaining unpaid, he filed in due
time and proper form a mechanic's lien account against
the property improved, and brought this suit to enforce
it.   The premises charged with the lien were described

in the account and petition as a dwelling house thirty-five by fifty-two feet, situated on lots 5, 6, 7, and 8, in block 8, Forest Park Place, an addition to the town of Monett in the county of Lawrence and state of Missouri, said lots containing less than one acre. The owners of the lots were sued by publication, and failed to appear. The Headley Grocer Company was not made a party defendant originally, but the record contains the following recital: "Pursuant to consent of the plaintiff, made in open court, comes now the Headley Grocer Company, and, entering its appearance as codefendant, files its separate answer." The answer thus filed was a general denial.

Upon the trial of the cause by the court without a jury the plaintiff gave evidence of the correctness of the account and the use of the lumber in the building. He also gave evidence of having perfected his lien, and that the lots charged therewith were in a common inclosure, and had each a front of twenty-five feet by a depth of one hundred and forty. The evidence tended to show that the house covered in part lots 5, 6, and 7, but that no part thereof was on lot 8. It was admitted upon the trial that the town of Monett is located in Barry county, Missouri, and that Forest Park Addition, where this property is, is situated in Lawrence county, Missouri. The Headley Grocer Company gave no evidence what interest, if any, it had in the controversy, nor did it give any evidence as to the location of the house. The cause was tried by the court without a jury, and the court found for the plaintiff and entered judgment in his favor, the judgment entry concluding as follows: "It is, therefore, considered by the court that the plaintiff do recover of the said Kate L. Brown and Margaret A. Edmonston the sum of $609.35, with interest thereon at six per cent per annum until paid, to be levied of the property charged with the lien of

plaintiff, to wit: Lots 5, 6, 7, and 8, in block 8, Forest Park Place, an addition to the town of Monett, in Lawrence county, Missouri, and a frame building house thirty-five feet wide and fifty-two feet long with eight rooms and an attic, and all of the improvements thereon, and that plaintiff have and recover his costs.'' From this judgment the Headley Grocer Company *alone* appealed.

The errors assigned by the appellant are that the court erroneously admitted the lien account in evidence, and erred in charging with plaintiff's lien all the four lots since there was no evidence whatever in the case that any part of the structure covered lot 8. Conceding for the purposes of the argument that the property charged consisted of town or village lots, and that the lot and not the acre rule applies, and that, hence, under the rule stated in *Miller v. Hoffman*, 26 Mo. App. 199, lot 8 is not chargeable with the lien, how does that show that the appellant has been aggrieved by the judgment rendered. It was held in *Oster v. Rabeneau*, 46 Mo. 595, and in *De Witt v. Smith*, 63 Mo. 263, that mere excess in the quantity of the property sought to be charged therein does not vitiate the lien account. The lien is enforcible against the property properly charged in such a case, provided it can be segregated from the excess. Under that ruling it is clear that the evidence was sufficient in any view to charge lots 5, 6, and 7. Conceding that it was insufficient to charge lot 8, how can the appellant complain of that fact without showing that it had some claim or interest in lot 8 which was injuriously affected by the judgment rendered. It is only a party aggrieved who has a right of appeal. Appellate courts do not sit to hear moot cases. The appellant's answer sets up no claim or title to any specific part of the property, nor does the evidence show any such claim. The fact that the appellant was made

a defendant by consent, has at most a tendency to show that it has some interest in *some* of the property affected by the lien, but no tendency to show what that interest is, or that it extends over the entire property, or that it specifically covers lot 8.

It results from the foregoing that, regardless as to the fact whether the rulings complained of were erroneous or not, there is nothing in this record to show that the appellant is a party aggrieved by such ruling, and that the judgment of the court must be affirmed. So ordered. All the judges concur.