PETER C. McMURRAY et al., Respondents, v. STATE BANK
OF SAVANNAH et al., Appellants.

Kansas City Court of Appeals, April 4, 1898.

Appeals: PARTIES: UNAFFECTED DEFENDANT. An unnecessary party
defendant who was wholly unaffected by the judgment can not appeal
therefrom.

*Appeal from the Andrew Circuit Court.*—HON. W. S.
HERNDON, Judge.

APPEAL DISMISSED.

WILLIS G. HINE and JAMES M. REA for appellant;
T. H. ENSOR, *per se*, submitted brief and argument
on the merits.

DAVID REA and BOOHER & WILLIAMS for respond-
ents, filed brief and argument on the merits.

GILL, J.—For reasons following, this appeal must
be dismissed. This is a suit to enjoin a trustee's sale
under a deed of trust and to cancel the latter on the
ground mainly that the debt had been paid. The
defendant bank was made a party as the owner and
holder of the alleged debt which had been sold and
assigned to it by defendant Ensor. In addition to
these the trustee named in the deed of trust, the sheriff
of the county who was proceeding to advertise and
sell the land on failure of the trustee to act, as also
one William S. Wells, were made parties defendant.

On a trial below there was judgment for plaintiffs
cancelling the debt and trust deed, and perpetually

enjoining the trustee and sheriff from proceeding with the sale.

As appears from the record William S. Wells alone appealed. And it also appears that said Wells has no interest in the litigation. He is an unnecessary party, nor is there any judgment against him—not even for costs, for they are specifically adjudged against the defendant State Bank of Savannah. In his affidavit for appeal (which is the only affidavit filed) said Wells does not pretend even to act as agent for or in behalf of other defendants, but assumes to file the affidavit on his own account and "because he considers himself aggrieved by the judgment and decision of the court." Since, then, said appellant Wells was in no sense of the word *aggrieved* by the judgment in the case within the meaning of the statute (R. S. 1889, sec. 2246), his appeal will be dismissed. All concur.