## HERMAN H. WEHRS v. WILLIAM B. SULLIVAN, Appellant; WILLIAM L. WATKINS, Receiver.

**In Banc, March 9, 1909.**

1. **RECEIVER: Removal.** The power of a court of equity to remove or discharge a receiver whom it has appointed is unquestioned, and may be exercised at any stage of the litigation. The authority to call such officer into being, as the agent of the court, necessarily implies authority to terminate his functions, and to substitute another for him.

2. **————: ————: Method of Appointment.** It is immaterial whether the Supervisor of Building & Loan Associations, who was substituted as receiver when the other was removed, was appointed upon allegations found in his intervening petition or simply upon the court's own motion.

3. **————: ————: ————: Upon Supervisor's Petition.** Where proceedings were pending for the winding up of the business of a company or copartnership and the distribution of its assets among its contract holders and creditors, and a decree had been entered appointing a receiver and settling the rights of all the parties to the controversy, the court may, upon an intervening petition, remove the receiver, and appoint the Supervisor of Building & Loan Associations, whom the statute designates as the appropriate person to be the receiver. It was not necessary, in order to appoint the supervisor, that he institute an independent proceeding. The administration of the affairs and the distribution of the assets of the company must still proceed under the supervising control of the court.

4. **————: Right to Object: Interest in Controversy.** Where the court found that appellant had no other legal relation to the defunct company than that of a mere trustee or manager for such company, and entered a decree dissolving the company, to which appellant made no objections and saved no exceptions, he has no standing on his appeal to the Supreme Court, upon the merits of the controversy, and has no right to complain that the court removed one receiver, who does not complain, and substituted the Supervisor of Building & Loan Associations as receiver.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney,* Judge.

AFFIRMED.

*Robert F. Walker* and *Thos. C. Hennings* for appellant.

(1) The St. Louis Circuit Court had no jurisdiction to entertain the bill of intervention of Supervisor Watkins. State ex rel. v. Renick, 157 Mo. 292; Lovitt v. Russell, 138 Mo. 474; State ex rel. v. Wells, 113 Mo. 42; Jackson v. Railroad, 89 Mo. 104; Danforth v. Lowe, 53 Mo. 217. (2) Only by a direct proceeding in equity can a judgment be set aside after the term has passed at which it was rendered. Smith v. Hauger, 150 Mo. 437. (3) The statute under which the supervisor and the court assumed to act in appointing Watkins receiver is penal in its nature and should be strictly construed. Sec. 3, Laws 1903, pp. 110-113; K. C. L. & G. Co. v. Kansas City, 200 Mo. 159. (4) The statute under which the supervisor and the court assumed to act should be strictly construed because it is in derogation of the common law. Johnson v. Fleutsch, 176 Mo. 452; Zartman v. Reid, 99 Mo. App. 4155. (5) The statute under which the supervisor and the court assumed to act prescribes that the supervisor shall, in having himself appointed receiver of co-operative companies, proceed under the law for the winding up and dissolution of Building & Loan Associations. His appointment is invalid because he ignored the Building and Loan Law and proceeded in equity. Section 1392, R. S. 1899, as amended Laws, 1901, p. 94. (6) The statute under which the supervisor and the court assumed to act also prescribes that the supervisor, in an action to have himself appointed receiver, shall proceed under the statute for the winding up and dissolution of insurance companies. This he did not do but proceeded under an attempted equitable intervention and his appointment was therefore unauthorized. Sec. 9, Laws 1903, p. 113; secs. 8021 and 8023-8027, R. S. 1899. (7) The provisions of the statute for the appointment of receivers of co-operative companies, Laws

1903, pp. 110-113, being purely of legislative creation, the supervisor in seeking to have himself appointed as such receiver is possessed of no power nor can courts adopt any procedure not expressly authorized by such statute.  (8)  The laws for the winding up and dissolution of Building & Loan Associations and for the winding up and dissolution of insurance companies are dissimilar and many of their provisions are conflicting.  The supervisor, before proceeding in each case to have himself appointed a receiver, must determine under which statute he will proceed.  This is an attempt to vest him with legislative discretion in the enforcement of the law, which renders it invalid. Sec. 1392, R. S. 1899, as amended Laws 1901, p. 94; secs. 8021, 8023-8028, R. S. 1899; St. Louis v. Packing Co., 141 Mo. 375; State ex rel. v. Ashbrook, 154 Mo. 375.  (9)  The court was unauthorized to entertain the bill in equity of the supervisor to have himself appointed receiver for the reason that the act does not contemplate, if valid and operative in other respects, that the supervisor shall be appointed receiver of a co-operative company which is not engaged in business and the affairs of which are being administered in a court of equity.  Secs. 1, 2 and 8, Laws 1903, pp. 110-113.  (10)  There is nothing in the act (Laws 1903) preventing a court of equity from appointing a receiver for a co-operative company, and when the jurisdiction of such a tribunal once attaches, it will continue until the matter involved is finally adjudicated.  Equity jurisdiction existed to appoint a receiver before the enactment of the law authorizing, under proper circumstances, the appointment of the supervisor as receiver, and such jurisdiction will continue after the enactment of this statute, unless it has been abolished by prohibitory statutory enactment.  There is no such prohibitory statutory enactment.  Herrington v. Utterback, 57 Mo. 519; Penn v. Penn, 39 Mo. App. 282.  Where a court takes jurisdiction of the

subject-matter it may retain jurisdiction until a complete disposition has been made of the case and adjust all equities arising therein. Reyburn v. Mitchell, 106 Mo. 365; Woodward v. Mastin, 106 Mo. 32; Jordan v. Harrison, 46 Mo. App. 172. (11) The Act of 1903 is invalid as a further attempted delegation of legislative power to the supervisor in vesting him with absolute and unrestricted power in prescribing the methods of business and terms of contracts which may be used. This is a discretionary power and not reviewable by any court. The functions of the supervisor are both legislative and judicial. This point was raised in regard to this law in State ex rel. v. Mer. Co., 184 Mo. 169, but was not passed on by the Supreme Court. St. Louis v. Packing Co., 141 Mo. 315; Barthet v. City of New Orleans, 24 Fed. 563; Tel. Co. v. Myatt, 98 Fed. 335; State v. Johnson, 61 Kan. 803.

FOX, J.—This cause is presented to this court upon appeal from an order of the circuit court of St. Louis county, Missouri, refusing to vacate an order appointing William L. Watkins as receiver of the Home Co-operative Company. This proceeding is but one branch of numerous legal contests concerning the assets of the Home Co-operative Company of the city of St. Louis.

The facts concerning this controversy are correctly and fully set forth in the recent case of State ex rel. v. Reynolds, 209 Mo. 161. This appeal being simply from an order refusing to vacate the appointment of a receiver, it is not essential to reproduce in full all the orders made during the progress of this controversy. It will be sufficient to indicate in a general way the nature and character of this legal contest.

In July, 1905, one Herman Wehrs brought suit in behalf of himself and all other contract-holders and

creditors of the Home Co-operative Company of the
city of St. Louis, Missouri, against one William B. Sul-
livan and the Home Co-operative Company of the city
of St. Louis, a copartnership, for the purpose of wind-
ing up its business and distributing its assets among
its contract-holders and creditors.  In that action plain-
tiff prayed for the appointment of a receiver and the
usual order of injunction.  On the 3d day of July,
1905, with the consent of the defendants, upon mo-
tion for that purpose, 'the circuit court appointed
Francis A. Tillman, who was the choice of defend-
ants, receiver in said cause, and enjoined the said de-
fendant company 'and William B. Sullivan, their
agents, employees and servants, from proceeding fur-
ther with the business of said company.  By said
decree, which was entered by consent, the said William
B. Sullivan and the other agents and employees of the
said company were ordered to execute and deliver all
deeds of conveyances of real estate belonging to said
company, and to make all transfers and assignments,
sufficient in law, to vest title in said receiver of all
the assets and property of every kind and description
and wheresoever situated and belonging to and in any
way pertaining to the business of said Home Co-
operative Company.  Said deeds of conveyances, as-
signments and transfers were duly executed and de-
livered, as ordered, and the said William B. Sullivan
was divested of all right, interest, title and claim in
and to the assets and property of the said Home Co-
operative Company of every kind and description.

The record discloses that there was no objection
or exceptions preserved to the entry of this decree,
and on October 3, 1905, a final decree was made and
entered in said cause, which was made and agreed
upon by the said William B. Sullivan and the said
company.  In said decree the court made the following
findings:

"That the Home Co-operative Company was a co-partnership composed and consisting of its contract-holders. That it was insolvent and had ceased to do business before the filing of said suit. That the said William B. Sullivan and his assignors never, at any time, occupied any other legal relation to said company than that of mere trustees or managers for said company, and, as such, conducted for it its business. It decreed and adjudicated that said co-partnership be dissolved. That the order of July 3, 1905, made and entered in said cause, be in all particulars confirmed and that said receivership and injunction, as therein granted, be confirmed and made permanent."

The record fails to disclose the preservation of any exception to the entry of said final decree and no appeal was taken from it.

At a subsequent term of said circuit court an order was entered of record ordering said William B. Sullivan and the contract-holders and creditors of said Home Co-operative Company, for which Tillman had been appointed receiver, to appear before the court on April 7, 1906, and show cause why the judgment or decree in said cause making the injunction permanent and confirming the appointment of Tillman as receiver of said company, should not be vacated and set aside. On April 7, 1907, the order to show cause was continued until April 11, 1906. At this time one William L. Watkins, Supervisor of Building & Loan Associations of the State of Missouri, filed what he termed an interplea, asking the court to vacate and set aside the judgment or decree heretofore rendered in said cause, to remove Tillman as receiver and appoint him, Watkins, as receiver.

On the 21st day of April, 1906, and at a subsequent term of said court, William L. Watkins, Supervisor of Building & Loan Associations of the State of Missouri, was substituted as receiver for said Francis

A. Tillman, who was removed and later discharged as such receiver. In and by such decree all contract-holders and creditors were allowed to intervene in said cause. One of the creditors, Louis Boulter, filed his petition in said cause to be allowed to intervene in said cause, which petition was duly ordered to be allowed by said court. Said petition and order allowing him to intervene in said cause were made prior to the rendition of the final decree in said cause. An order was entered requiring said Tillman to turn over all the assets of said company to Watkins, which was done, and Watkins as supervisor and receiver took charge of the assets and representatives of value of said company. William B. Sullivan thereupon filed a motion to set aside the interlocutory decree appointing said Watkins, as supervisor, receiver of said Home Co-operative Company, which was by the court over-ruled, exceptions were saved thereto and an affidavit for appeal to the Supreme Court filed, which was by the trial court denied. Said Sullivan thereupon was granted upon his application a writ of mandamus, directed to the trial judge, requiring him to grant an appeal from his refusal to vacate and set aside the interlocutory order appointing said Watkins, supervisor, receiver of said Home Co-operative Company. Upon the service of the alternative writ of mandamus upon the trial judge an appeal was granted to this court, and the record upon said appeal is now before us for consideration.

This is a sufficient indication of the nature and character of this controversy to enable us to determine the legal proposition involved in the proceeding.

## OPINION.

The legal propositions disclosed by the record upon this appeal rest within a very narrow compass. The record discloses and it is conceded by counsel

on both sides of this case that the appeal now before us is simply from an order of the court refusing to vacate the appointment of William L. Watkins, as receiver of the Home Co-operative Company; hence it follows that our review of the disclosures of the record upon this appeal must be limited to the action of the court in refusing the order as above indicated. The final decree made in this cause is not before us, and the proposition now confronting us simply involves the propriety of the action of the court in refusing such order.

Directing our attention to the propositions involved in this proceeding we find upon examination that another branch of the case concerning the assets of the Home Co-operative Company was in judgment before this court in State ex rel. v. Reynolds, 209 Mo. 161. In that case it was sought to prohibit one of the judges of the circuit court of the city of St. Louis from exercising jurisdiction in a certain suit pertaining to the collection and distribution of the assets of the Home Co-operative Company, being the same company that is involved in the proceeding in the case at bar. The grounds in their final analysis upon which the relief was sought in that proceeding, were predicated upon the fact that the circuit court of St. Louis county, a court of co-ordinate jurisdiction, had previously acquired jurisdiction of the subject-matter and was proceeding in due form to determine the questions involved in the controversy concerning the assets of the Home Co-operative Company.

In the treatment of the application for prohibition in that case it was essential for the court to review the disclosures of the record made by the circuit court of St. Louis county in order to correctly determine the proposition involved, which was as to whether or not the circuit court of St. Louis county had properly assumed jurisdiction of the subject-matter of the cause then pending before it. Judge WOODSON, who wrote

the opinion in that case, very carefully recited in substance the record made by the circuit court of St. Louis county, and for the purpose of determining the propositions involved in this proceeding we have substantially adopted the recitations of what the record of the St. Louis County Circuit Court disclosed in the case at bar.

The appointment of Tillman as receiver and his removal and the appointment of Watkins were necessarily involved in the record of the proceedings of the circuit court of St. Louis county, and it became important for this court, in making known its views upn the propositions involved in the prohibition proceedings, to at least make some reference to the power and authority of the court to remove or discharge a receiver who had previously been appointed. While this court in that proceeding would not undertake to determine the propositions involved upon the appeal in the case at bar, as to whether the removal of Tillman and the appointment of Watkins was proper or improper, it was manifestly appropriate for the court to discuss the fundamental rules and principles applicable to the appointment and removal of receivers. It was expressly ruled in that case that the circuit court of St. Louis county, as disclosed by the record, had jurisdiction of the parties and the subject-matter of said cause, and in treating of the propositions involved, it was said in that case, speaking through Judge Woodson, that, "In due form and in conformity with the law of the land, said court enjoined Sullivan and the company from further prosecuting the business, and appointed a receiver to take charge of the assets of the company and ordered him to hold and administer them under the orders and direction of the court. In pursuance to this order the receiver duly qualified and entered upon the discharge of his duties, as such, and reduced to possession the assets of the company. That possession was the same as the pos-

session of the court, for the reason that the receiver is an arm or officer of the court which appointed him, and whatever he does under the order of the court regarding the property involved is the act of the court. [High on Receivers (3 Ed.), sec. 134; Ex parte Haley, 99 Mo. 150; Colburn v. Yantis, 176 Mo. 670; Robinson v. Railroad, 66 Pa. St. 160; Skinner v. Maxwell, 68 N. C. 400; DeVisser v. Blackstone, 6 Blatchf. 235; Mays v. Rose, Freeman's Ch. (Miss.) 703; Day v. Postal Telegraph Co., 66 Md. 354; Angel v. Smith, 9 Ves. Ch. 335; In re Butler's Estate, 13 Irish Ch. 456.]

"Clearly, under the facts of this case and according to the law enunciated by the above authorities, the assets of the Home Co-operative Company were *in custodia legis* on April 11, 1906, the day on which Watkins, the Supervisor of Building & Loan Associations, filed his bill in the nature of an interplea, asking the court to vacate and set aside the judgment and decree theretofore rendered appointing Tillman receiver, and asking that he be appointed receiver under the Act of 1903, Laws 1903, pp. 110-113.

"The legal custody of the property was not disturbed or changed by the order of the court made at a subsequent term removing Tillman as such receiver and appointing Watkins in his stead. [Very v. Watkins, 23 How. (U. S.) 469; Shields v. Coleman, 157 U. S. 178-179.] That order of the court was but the removal of one receiver and the appointment of another in his stead, which the court had a perfect legal right to do. [High on Receivers (3 Ed.), sec. 821.]"

In further discussing the proposition the rule was very clearly and correctly announced that "the power of a court of equity to remove or discharge a receiver whom it has appointed may be regarded as well settled, and it may be exercised at any stage of the litigation. Indeed, it would seem to be a necessary adjunct of the power of appointment, and to be ex-

ercised as an incident to or consequence of that power; the authority to call such officer into being necessarily implying the authority to terminate his functions when their exercise is no longer necessary, or to remove the incumbent for an abuse of those functions, or for other cause. [High on Receivers (3 Ed.), sec. 820; In re Colvin, 3 Md. Ch. 300; Siney v. Stage Co., 28 How. Pr. 481; First National Bank v. Barnum Wire & Iron Works, 58 Mich. 315.]

"And it is equally well settled that the court in its sound discretion may remove the incumbent and substitute another in his stead. [High on Receivers (3 Ed.), sec. 822; Siney v. Stage Co., 28 How. Pr. 481; Railroad v. Soutter, 154 U. S. 540; Crawford v. Ross, 39 Ga. 44.]"

It will be observed in that case that 'the record which the court was called upon to review for the purpose of determining whether the relators were entitled to the relief sought, that is, a writ of prohibition, disclosed that an intervening petition had been filed in the circuit court of St. Louis county by Watkins, and that Watkins was appointed receiver instead of Tillman. Whether he was appointed upon the allegations in the intervening petition or simply upon the court's own motion, is immaterial. The record simply shows that an interplea or an intervening petition was filed and he was appointed instead of Tillman. The final conclusion reached in that case upon the record as recited therein, which is substantially the same as in the case at bar, was that the circuit court of St. Louis county clearly had jurisdiction, and therefore the circuit court of the city of St. Louis ought to be prohibited from entertaining jurisdiction of a subject-matter over which a court of concurrent jurisdiction had prior thereto obtained jurisdiction over the subject-matter and the parties.

In our opinion, the rules of law applicable to the appointment and removal of receivers, as announced in the Reynolds case, state well and correctly the law upon that subject, and find full support in the numerous authorities cited to sustain it.

But it is contended that the court had no authority to appoint Watkins, who was Supervisor of Building & Loan Associations, such receiver. This insistence is predicated upon the theory that if Watkins, as Supervisor of Building & Loan Associations, is appointed receiver, it was essential that he should have instituted a suit for that purpose himself under the provisions of the statute which makes provision where certain co-partnerships, associations, organizations or corporations shall become unable to continue in business to the benefit and profit of their creditors, then the supervisor is authorized to bring an action to have himself appointed receiver. To this insistence we are unwilling to give our assent. It must not be overlooked that this proceeding was pending and a final decree had been entered settling the rights of all parties to that controversy, and the correctness of that decree is unchallenged because it remains in full force and unappealed from. Subsequently Watkins, by an intervening petition, shows to the court that under the provisions of this statute he is the appropriate person to be the receiver of the assets that are already in the hands of the court, and the effect of the order appointing Watkins as such receiver was nothing more than changing the assets of the Home Co-operative Company from one hand of the court to the other. The proceeding, as originally brought, was not dismissed, nor was the final decree as entered in that case nullified. In our opinion, it was not necessary in order to authorize the appointment of Watkins, Supervisor of Building & Loan Associations, receiver of the assets of this company for him to institute an independent proceeding.

A proceeding for the appointment of a receiver for the purpose of administering and distributing the assets of an insolvent partnership, association or corporation is one appealing to the equity side of the court, and the mere fact that the General Assembly may make provisions authorizing certain officials in control of certain departments of the State government to institute proceedings for the appointment of a receiver concerning particular subjects, does not in any way change the equitable nature of the action, but is simply an aid or a supplement to the general and well-recognized rules of equitable jurisprudence which authorizes the institution of suits for the appointment of a receiver to administer and distribute the assets of an insolvent company or organization.

Where a court of equity takes jurisdiction of the subject-matter, as was done in this case, it will retain jurisdiction until a complete disposition has been made of the case and adjust all equities arising therein. [Reyburn v. Mitchell, 106 Mo. 365; Jordan v. Harrison & Platt, 46 Mo. App. 172.]

As was ruled in the case of State ex rel. v. Reynolds, supra, the suit instituted in the circuit court of St. Loius county was a proceeding in the nature of a proceeding in rem, having for its object and purpose the winding up of the affairs of the Home Cooperative Company and distributing the assets thereof among the creditors, as provided by law. That court had jurisdiction of the subject-matter and of the parties, and in our opinion the court had full power and authority at any stage of the litigation in that case, in the exercise of a sound discretion, to make such changes in the receivership as it might have deemed proper and appropriate.

We repeat, that the final decree in this cause settled the rights of all the parties to the controversy, and the appointment of Watkins, Supervisor of Building & Loan Associations, as receiver, in effect was a

mere change of the possession of the assets in the hands of the court, and such receiver, even though he be Supervisor of Building & Loan Associations, must administer and distribute the assets of the company in harmony with the finding and adjudications of the final decree, under the supervision of the court. It may be further stated that even should he administer and distribute the assets of this company under the provisions of the statute which authorizes him to be appointed as receiver, such administration of the affairs of the company would still have to proceed under the supervising control of the court.

But aside from all that has been said upon this subject, manifestly upon the record before us the appellant has no standing in this court upon the merits of this controversy. He made no objections, nor did he preserve any exceptions to the final decree which adjudicated his status in this proceeding. Mr. Tillman, the receiver, who was removed, is not complaining upon this appeal; nor are any of the creditors of this Co-operative Company making any complaint concerning the appointment of Watkins as receiver instead of Tillman.

As applicable to the conclusions we have reached that there is no merit in this appeal, the adjudications and findings of the court in its final decree, which was consented to by this appellant, become quite significant. As indicated in the statement of this cause, this final decree recites: ''That the Home Co-operative Company was a co-partnership composed and consisting of its contract-holders. That it was insolvent and had ceased to do business before the filing of said suit. That the said William B. Sullivan and his assignors never, at any time, occupied any other legal relation to said company than that of mere trustees or managers for said company, and, as such, conducted for it its business. It decreed and adjudicated that said co-partnership be dissolved. That the order of July 3,

1905, made and entered in said cause, be in all particulars confirmed and that said receivership and injunction, as therein granted, be confirmed and made permanent.''

It will be observed in that decree that the court expressly makes the finding that this appellant and his assignors never, at any time, occupied any other legal relation to said company than that of mere trustees or manager of said company, and as such conducted for it its business. Then follows the decree that said co-partnership be dissolved. Under that state of the record the inquiry is quite pertinent, what difference does it make so far as this appellant is concerned as to which one of the receivers, Tillman or Watkins, administers and distributes the assets of this company? He is not a creditor. He simply bore the relation to the company of manager of its business, and the decree of the court having dissolved such company, it logically follows that he has no interest whatever in the administration and distribution of the assets of this Home Co-operative Company.

There was a motion interposed in this cause after it reached this court to dismiss this appeal. We shall not stop to inquire as to whether or not the appellant has such interest in this controversy as would authorize him to take an appeal, or as to whether or not the order from which the appeal was taken was of that nature and character from which an appeal would lie, but shall be content with the conclusion that the circuit court of St. Louis county had jurisdiction of the subject-matter and the parties, and, as disclosed by the record, was, with due care and diligence, seeking to have the assets of this company administered and distributed to the best interest of all parties having an interest therein.

We are unwilling to further prolong this legal contest concerning the assets of this company. Upon the disclosures of the record now before us we are

unable to discover that the action of the court from which this appeal was taken, refusing to vacate an order substituting one receiver for another, was arbitrary. It is plainly shown from the care and diligence manifested by the court, as indicated in the recitals of the record, to fully adjust upon equitable principles the rights of all parties interested in the assets in the hands of the court that its action in substituting one receiver for another was simply the exercise of a sound discretion.

The action of the court in refusing to vacate the order substituting one receiver for another, as was done in this case, should be affirmed, and it is so ordered.

All concur.