## JAMES H. HOPKINS et al. v.  JOHN W. COOPER et al., Appellants.

### Division Two, June 20, 1911.

1. **APPEAL: No Interest in Subject-Matter.**  An appellant cannot
be heard to complain of error committed against another party
to the suit, in a matter that in no manner affected the merits
as against appellant, and in which if the ruling was wrong
it was error against another party who did not appeal.

2. ———: ———: **Partition: No Appeal by Injured Defendant.**
Where by will the land involved in the partition suit was de-
vised to five children, and plaintiffs are the heirs of one of
them, and the only questions in the case are whether or not
under the condition imposed on the devise to their mother
plaintiffs are entitled to a one-fifth interest in the land or
nothing, and whether or not one Cooper, a defendant, who
bought, under deeds admited to be valid, the interests of the
other four children, thereby acquired the entire property or
only four-fifths thereof, and the trial court held that he ac-
quired only four-fifths and that plaintiffs are entitled to the
other fifth, and Cooper does not appeal, but the heirs of one
of the other four children, who have been joined as defend-
ants, do, the judgment must be affirmed, for appellants have
no interest in the subject-matter of the controversy between
plaintiffs and Cooper.

3. ———: ———: ———: ———: **For Use in Another Suit.**  Nor
will the court pass upon the merits of the case and construe
the will, on the ground that appellants have an interest in
the personal estate of the testator, and a decision to the effect
that plaintiffs in the partition suit took nothing under the will
will guide the probate court in determining that appellants
are entitled to a one-fourth rather than a one-fifth interest
in the personal estate.  The question of the proper distribu-
tion of the personal estate is not before the court in the suit
for the partition of the land alone, and cannot be injected into
it by those who have no interest in the land.

Appeal from Phelps Circuit Court.—*Hon. L. B.
Woodside,* Judge.

AFFIRMED.

*Jones Bros.* and *C. H. Shubert* for appellants.

(1) The right to take by will or inheritance is not a natural right, but is a statutory right and is within the control of the Legislature. State v. Henderson, 160 Mo. 190; Dawson v. Godfrey, 4 Cranch (U. S.) 321; Magoon v. Trust Co., 170 U. S., 283; Curry v. Spencer 61 N. H., 624; In re Sanford, 126 Cal., 112; In re Speed, 216 Illinois, 23; Frey v. Campbell, 110 Iowa, 290. (2) Francis I. Hopkins having died before the testator and before the taking effect of his will, the interest devised to her by the will would have lapsed at common law. First Jarman on Wills, Ch. 12, 310; Ballard v. Ballard, 19 Pick. 41; Right v. Ham, 8 Mod. 226; Herd v. Ashley, 117 N. Y. 606; Pirug v. Pirug, 228 Ill. 448. (3) This rule of the common law is abrogated by Sec. 4613, R. S. 1899. Under the provisions of this section the Hopkins children took the place of their mother. Jamison v. Hay, 46 Mo. 546; Guitar v. Gordon, 17 Mo. 408. And are only entitled to receive that portion of the testator's estate which their mother would have taken had she survived the testator, that is one dollar. (4) Presumably, respondents, fearing there might be some irregularity in the proceedings of the probate court which resulted in the conveyance of the interests of appellants in the lot, by their guardian, which irregularity appellants might take advantage of on arriving at the age of maturity and set aside the conveyance, made them parties defendant for the purpose of cutting off such remedy, if one existed. They were made parties by the respondents and involuntarily brought before the court. But they participated in the trial of the cause, and are therefore concluded by the judgment, and are estopped by it to deny, in any future proceeding for partition of other lands of which E. K. Light died seized, that respondents are entitled, jointly, to an undivided one-fifth of such lands, and are also estopped by the judgment to deny that respondents,

jointly, are entitled to a distributive share in the personal effects of said Light not yet distributed. On both of these questions the judgment is *res adjudicata* as to all the parties before the court. Waters v. Herboth, 178 Mo. 166; Young v. Byrd, 124 Mo. 590; Wiggins v. St. Louis, 135 Mo. 558; Martin v. Trail, 142 Mo. 85. And appellants are therefore affected by the judgment.

*Watson & Holmes* for respondents.

This appeal should be dismissed and the judgment of the circuit court affirmed, because it stands admitted by the appellants that they have no interest in the subject-matter of the controversy. 15 Am. & Eng. Ency. Plead and Prac. 594; Smith v. Brittenham, 109 Ill. 540; Crocker v. Higgins, 7 Conn. 342; State ex rel. v. Sanderson, 54 Mo. 203.

KENNISH, P. J. —This suit was instituted in the circuit court of Phelps county for the purpose of having partition made of lot number seventy of Railroad Addition to the city of Rolla. The plaintiffs were the minor heirs of Francis I. Hopkins, deceased, and the defendants were John W. Cooper and the minor heirs of Margaret A. Hudgens, deceased. The court found that the plaintiffs were the owners of an undivided one-fifth interest in the land and that the defendant Cooper was the owner of an undivided four-fifths interest; that said land could not be divided in kind without great depreciation in value and should be sold in order to make partition thereof. Upon this finding judgment was rendered for the plaintiffs, ordering the sale of the land and the distribution of the proceeds of such sale according to the rights and interests of the parties as found by the court. From this judgment the heirs of Margaret A. Hudgens appealed to this court, but the defendant Cooper did not appeal.

E. K. Light, at the time of his death in May, 1904,

was the owner of said lot. He was the father of five children, namely, Joan Deskins, John W. Light, Eva I. Yelton, Francis I. Hopkins, who died in January, 1899, and left surviving her seven children who are the plaintiffs in this suit, and Margaret A. Hudgens, now deceased, who left surviving her five children who are joined with John W. Cooper as defendants.

By the terms of his last will and testament which, prior to the trial of this cause, had been duly established and probated, said E. K. Light disposed of his property in the following language, to-wit:

"It is my will that all my estate, real, personal and mixed, of whatever kind or nature shall be equally divided among my five children, Francis I. Hopkins, Margaret A. Hudgens, Joan Deskins, John W. Light, and Eva I. Light share and share alike after my decease with the following exception, to-wit:

"That my daughter Francis I. Hopkins at the time of my decease shall receive as her share of my estate the sum of one dollar if her husband James M. Hopkins shall be living at the time, but if her said husband James M. Hopkins be not living at the time of my decease, then it is my will that the said Francis I. Hopkins shall receive the one-fifth share of all my estate as her share, the same share as the other four children."

The evidence showed that after the making of said will and before the death of the testator, Francis I. Hopkins died and that her husband, James M. Hopkins, was living at the time of the testator's death.

The evidence also showed that after the death of E. K. Light, the defendant, John W. Cooper, purchased and acquired by deeds all of the right, title, interest and estate in and to said land of all of the heirs and devisees of said Light, except the interest, if any, owned by the plaintiffs. The interest of the minor heirs of said Margaret A. Hudgens, deceased, was conveyed to Cooper by a deed from their guardian, made

pursuant to an order of the probate court. No question was raised as to the regularity or validity of the proceedings had in the probate court in obtaining the order for the making of the deed, nor is the validity of the deed challenged on any ground, nor do the heirs of said Margaret A. Hudgens claim any interest in the land. It was clearly established, by the undisputed evidence in the case, that if plaintiffs were excluded from any interest in the land by the provisions of the will of E. K. Light, then the defendant Cooper is the owner of the land in fee simple; and that if the plaintiffs, as found by the court, own an undivided one-fifth interest in the land, the defendant Cooper is the owner of the remaining four-fifths interest. In either event none of the other heirs of E. K. Light have any interest in the land.

Appellants contend that under the terms of said will, as controlled by the provisions of section 546, Revised Statutes of 1909, the plaintiffs were entitled to receive from the estate of E. K. Light the sum of one dollar only, the amount bequeathed to their mother by said will, and that the trial court erred in finding and adjudging that they were the owners of an undivided one-fifth interest in the land.

Respondents question the right of the appellants to have the judgment of the lower court reviewed by this court. Their contention is that since appellants neither have nor claim any interest in the land in controversy, and since the judgment of the trial court in no manner affected their rights, the judgment should be affirmed without considering the errors alleged by the appellants to have been committed by the lower court.

In our opinion the respondents are correct in their contention. The defendant Cooper, whose rights alone were affected by the judgment, did not appeal. The undisputed evidence shows that the defendant Cooper

is either the absolute owner of the land, or that Cooper owns four-fifths and the plaintiffs one-fifth thereof. Since Cooper did not appeal from the judgment awarding him four-fifths and the plaintiffs one-fifth of the proceeds of the sale of the land, we cannot see how appellants, who neither own nor claim any interest whatever in the land, can ask this court to reverse the judgment of the trial court because that court found and decreed that plaintiffs owned a one-fifth interest in the land instead of finding and decreeing that Cooper was the sole owner.

In Dixon v. Hunter, 204 Mo. 1. c. 391, this court, speaking through LAMM, J., said: "It is fundamental that an appellant cannot complain of errors unless materially affecting the merits as against him." Under the rule announced in that case it must be held that appellants cannot be heard to complain that the trial court committed error against the defendant Cooper, in a matter that in no manner affected the merits as against them, and from which the defendant Cooper did not appeal.

It is suggested, however, that appellants are interested in obtaining from this court a construction of the will of said E. K. Light, deceased, for the reason that besides the land in controversy said Light, at the time of his death, was the owner of considerable personal property and that the interests of the appellants and the respondents in said personal property will be determined by the adjudication in this case of the respondents' interest in said estate under the terms and provisions of the will. But the question of the proper distribution of the personal property is not before us in this case. The respondents have obtained a judgment awarding them one-fifth of the proceeds of the sale of the land. From that judgment no appeal was taken by the defendant Cooper, the only party to the suit whose rights were affected by such judgment in favor of respondents. Under such circumstances

this court will not, upon the invitation of appellants who have no interest in the subject-matter of the suit, review the action of the lower court to ascertain whether error was committed against a defendant who did not appeal, merely for the purpose of construing a will and thereby furnishing a guide for the proper distribution of personal property belonging to the estate but not involved in the cause before the court.

Without passing upon the question of the extent to which the respondents are entitled to share in the estate of E. K. Light, under the provisions of the will, and for the sole reason that the judgment of the lower court in no manner affected the rights of the appellants, we hold that the judgment should be affirmed. It is so ordered.

*Ferriss* and *Brown, JJ.*, concur.