CHARLES E. SHOCK, RESPONDENT, v. HENRY BERRY ET AL., DEFENDANTS, C. W. SETTLE, EXECUTOR, APPELLANT.*

Kansas City Court of Appeals.   June 14, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 624, n. 18; p. 629, n. 3; p. 644, n. 74; p. 660, n. 78; 4CJ, p. 691, n. 85.

*North T. Gentry* for respondent.

*Arthur C. Bruton* and *Don C. Carter* for appellant.

BLAND, J.—This is a suit contesting the will of one Nancy I. Berry, who died September 9, 1924, while a resident of Boone county, Missouri. The suit was brought by her son who alleged in his petition that deceased was unduly influenced in making her will and at the time thereof was a person of unsound mind and of not sufficient mental capacity to make a will.

The defendants, other than Henry Berry, Harrison Berry and C. W. Settle, executor of the will, are beneficiaries under the will. The two Berrys are the heirs of Jasper Berry, deceased, Mrs. Berry's last husband whom she pre-deceased. Most of the other defendants are not heirs at law of the deceased but are her nieces and nephews.

Personal service was had upon the defendants, Fannie Riggs, Dorcas Chrisman, Sallie Newman, Belle McCammy, John R. Younger, Nannie B. Hulen and John A. Chrisman. Defendants, Henry Berry, Harrison Berry, Dora Turner and John Gay were duly and legally notified by order of publication. None of the defendants filed an answer except English Gay, Irene Burgess and C. W. Settle, executor of the will, defendants. English Gay and Irene Burgess admitted in their answers that at the time deceased made the will the latter was not of a sound and disposing mind, that at that time deceased was unduly influenced and they consented that the will be set aside. The answer of the defendant Settle in his capacity as executor of the will was a general denial and asking that the will be decreed the last will and testament of the deceased. The reply was a general denial. There was a trial before a jury, resulting in a verdict declaring that the instrument was not the last will and testament of the deceased. The executor alone appeals.

Plaintiff has filed a motion to dismiss the appeal for the reason that appellant is not such a party as is entitled to take an appeal in this proceeding. There is no doubt but that this point is well taken. It was held in Braeuel v. Reuther, 193 S. W. 283, 285, that an administrator should not be made even a nominal party to a will contest, that he has no interest whatever in such a suit. In an effort to distinguish the case at bar from those cited by respondent, appellant states—

". . . In the present case, we have this situation which is fully established by the record printed and on file in this court. The plaintiff in bringing this suit made the executor named in the will and qualified in the probate court a party defendant. Having done this the executor undoubtedly had a right to employ counsel and file answer in the circuit court. This he did. Other defendants did not file answer, depending upon the executor to contest the case on the part of all defendants. At the trial in the circuit court, the plaintiff appeared and filed reply to the answer of the executor and issue was joined on the petition of the plaintiff and the answer of the executor and the plaintiff's reply thereto and trial was had in the circuit court and instructions asked and given on the part of the plaintiff fully recognizing the authority of the executor to defend in said case. After the verdict of the jury setting the will aside, the executor filed his motion for a new trial and in arrest of judgment, this was heard by the court without objection on the part of the plaintiff and was overruled. The executor then filed his petition and affidavit praying for an appeal to this court which was by the circuit court heard and granted without objection on the part of the plaintiffs. At the next term of court, the executor presented and asked to have filed his Bill of Exceptions in said cause which had previously been submitted

to counsel for plaintiff and by him approved, which Bill of Exceptions was filed and allowed without objection on the part of plaintiff. Executor then prepared his printed abstract of the Record, also Statement, Brief and Argument, which was submitted to attorney for plaintiff and service acknowledged. And plaintiff prepared and filed a Brief on his part in this court. Then on the day the case was to be argued, for the first time respondent challenges the authority of the executor to prosecute this appeal having previously served on counsel for appellant just a few days before the time for hearing a copy of said motion. In view of this state of facts it appears that the challenge of the authority of the executor is not timely and the motion to dismiss appeal should be overruled and that the plaintiff, who is the only person connected with the case who is interested in having the will set aside, has by his proceedings herein as above set out waived any right or authority he may have had to raise this question or any jurisdictional question. He has, by the course he has seen fit to pursue conferred jurisdiction and authority upon said executor to defend this case to the court of last resort.''

The facts recited by appellant are fairly inferable from the record except that there is nothing therein establishing that ''the other defendants did not file answer depending upon the executor to contest the case on the part of all the defendants.''

The right of appeal is statutory. By virtue of section 1469, Revised Statutes 1919, only a ''party to a suit aggrieved by the judgment of any circuit court in any civil case from which an appeal is not prohibited may take his appeal,'' etc. In order for one to appeal he must not only be a party but he must have an interest in the subject-matter of the suit in controversy; in other words, he must be a party aggrieved. [3 C. J., pp. 623, 644; Zumwalt v. Zumwalt, 3 Mo. 269; Kinealy v. Macklin, 67 Mo. 95; State ex rel. v. Talty, 139 Mo. 379, 391; Karabacek v. Richards, 249 Mo. 608; Othenin v. Brown, 66 Mo. App. 318; McMurray v. Bank, 74 Mo. App. 394; Freeman v. McCrite, 165 Mo. App. 1; Leonard v. Building Co., 179 Mo. 480.]

Even where one has the right to appeal he can only allege error in connection with some matter in which he has an interest. [Dixon v. Hunter, 204 Mo. 382, 391, 392; Wehrs v. Sullivan, 217 Mo. 167; Hopkins v. Cooper, 235 Mo. 461.] At the most, appellant could complain only as to the assessment of costs against him but it does not appear that his appeal is based upon the matter of costs. There is authority for holding that one is estopped to deny the interest of appellant by having made the latter a party (see 3 C. J. 627, 628), but this does not seem to be the rule in Missouri. [Othenin v. Brown, supra; McMurray v. Bank, supra; see, also, Hawley v. Whitaker (Texas), 33 S. W. 688.] Whether or not an appeal is allowed by the statute, is a question of jurisdiction that cannot be waived and that

can be raised at any time, even by the court on its own motion. [Beechwood v. Railroad, 173 Mo. App. 371; Railroad v. Schweitzer, 246 Mo. 122; St. Louis v. Gunning Co., 138 Mo. 347.]

The appeal is dismissed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.