Dennis Lee BRISS, pro ami, Respondent,

v.

CONSOLIDATED CABS, Inc., Appellant,

Commerce Trust Company, Garnishee.

No. 22468.

Kansas City Court of Appeals.

Missouri.

Nov. 5, 1956.

**392**

Thomas J. Conway, Jr., Kansas City, for appellant.

Wm. E. Tipton, Tipton, Birmingham, Taylor & Furry, Philip J. Close, Kansas City, for garnishee.

BROADDUS, Justice.

This is an appeal by defendant, Consolidated Cabs, Inc., from the judgment of the Circuit Court ordering the Commerce Trust Company of Kansas City, garnishee, to pay into court for the use of plaintiff the sum of $1,551.75.

The facts are that on February 25, 1955, a judgment was entered in the Circuit Court of Jackson County, in favor of Dennis Lee Briss, *pro ami*, against defendant in the sum of $6,000 for personal injuries received by plaintiff in an automobile accident. In a previous garnishment proceeding in which the Traders National Bank was garnishee, the court's order was that the sum of $2,500 be paid to the clerk and by him applied in partial satisfaction of the $6,000 judgment.

Thereafter, plaintiff caused an execution to be issued naming the Commerce Trust Company as garnishee. And on September 12, 1955, plaintiff filed his interrogatories. On September 14, said garnishee filed its answer to the interrogatories propounded to it by plaintiff. In said answer the garnishee denied that it was in anywise indebted to defendant, but stated that it held on deposit an account in the sum of $1,551.75 under the name of Consolidated Cab Service and owned by certain named individuals.

On December 2, 1955, by leave of court, plaintiff filed his denial of the garnishee's answer, and then alleged "that the sum of $1,551.75 referred to in garnishee's answer is the property of defendant, Consolidated Cabs, Inc., and is being held in this account by the named persons for said defendant." No interplea was filed in the name of Consolidated Cab Service, or on behalf of the individuals named in the garnishee's answer. At the conclusion of a hearing the court found the issues in favor of the plaintiff and ordered the garnishee to pay the sum into court for the use of plaintiff. As stated defendant appealed.

We are met at the threshold of this case by a motion of the plaintiff to dismiss this appeal, for the reason that defendant-appellant is not an aggrieved party, and, therefore, is not entitled to take an appeal in this proceeding.

Defendant's position throughout the hearing and in its brief filed herein is that the money in the garnishee's hands was not owned by defendant but by other persons. As we have stated, no interpleader was filed, nor did the garnishee appeal. In order for one to appeal he must not only be a party, but he must have an interest in the subject-matter in controversy; in other words, he must be a party aggrieved. Section 512.020 RSMo 1949, V.A.M.S. Shock v. Berry, 221 Mo.App. 718, 285 S.W. 122. How could defendant be "aggrieved" if its position is that it has no claim of ownership to the fund in controversy?

The appeal should be dismissed. It is so ordered.

All concur.